Filed 10/31/24  P. v. Burch CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062713 |
| v. | (Super. Ct. No. 15CF1159) |
| RC DWAIN BURCH III, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Michael A. Leversen, Judge. Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa

Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

Defendant RC Dwain Burch III argues on appeal that the trial court abused its discretion in not dismissing one or more sentencing enhancements under Penal Code section 1385, subdivision (c)(2).[1] We find no error and affirm.

FACTS

In 2015, Burch stabbed his ex-wife multiple times in front of the couple's four children. He was convicted of attempted murder, aggravated mayhem, domestic battery with corporal injury, three felony counts of child endangerment, and one misdemeanor count of child abuse. The jury found true that, during the commission of the attempted murder, aggravated mayhem, and domestic battery, Burch personally (1) inflicted great bodily injury (GBI enhancement) and (2) used a deadly weapon (personal use enhancement). The trial court subsequently found true that Burch had two strike priors and a serious felony prior. The court struck one of the strike priors and sentenced Burch to 13 years, plus 24 years to life, in prison.

Burch appealed, and in an unpublished opinion, this court reversed the judgment as to the strike prior and serious prior convictions, vacated Burch's sentence, and remanded the matter for retrial of the prior conviction allegations and resentencing. (*People v. Burch* (Aug. 4, 2020, G057270) [nonpub. opn.].) On remand, the trial court resentenced Burch to 12 years, plus 12 years to life in prison.

---

[1] All further statutory references are to the Penal Code.

2

Burch appealed again, and in another unpublished opinion, this court vacated Burch's second sentence and remanded the matter for resentencing (the second resentencing) under recently amended sections 654 and 1170, subdivision (b). (*People v. Burch* (Apr. 8, 2022, G059965) [nonpub. opn.].)

In the second resentencing, Burch presented the trial court with evidence of his childhood trauma and asked that he be sentenced to lower terms on each of the felony convictions and the associated GBI and personal use enhancements pursuant to section 1170, subdivision (b). He also asked the court to stay the sentence on the attempted murder conviction pursuant to section 654. In total, Burch asked to be sentenced to 6 years, plus 11 years to life.

The trial court considered the mitigating factor of Burch's childhood trauma under section 1170 but, based on a finding that Burch was "dangerous to the public . . . and dangerous to his family," refused to impose a lower sentence. The court resentenced Burch to 12 years, plus 12 years to life on counts 1 and 2—the same sentence imposed at the first resentencing hearing. The sentence included: (1) a determinate term of seven years on the attempted murder conviction, plus four years for the GBI enhancement and one year for the personal use enhancement; (2) a consecutive indeterminate term of seven years to life on the mayhem conviction, plus four years for the GBI enhancement and one year for the personal use enhancement; (3) concurrent sentences of four years for each of the felony child endangerment convictions; and (4) a concurrent sentence of six months in county jail for the

misdemeanor child abuse conviction.[2] The sentence on the domestic violence conviction was stayed under section 654. Burch timely appealed from the second resentencing.

## DISCUSSION

Burch argues the trial court erred in not dismissing at least one of the personal use and GBI sentencing enhancements under section 1385, subdivision (c)(2)(C). Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 to include subdivision (c), which provides "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so . . . ." (§ 1385, subd. (c)(1).) In exercising its discretion under section 1385, subdivision (c), the court "shall consider and afford great weight" to certain enumerated mitigating circumstances, the existence of which "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

Burch argues at least one of the enhancements must be dismissed based on the mitigating circumstances enumerated in section 1385 subdivision (c)(2)(B) and (C). Under subparagraph (2)(B), where "[m]ultiple enhancements are alleged in a single case[,] all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).) Under subparagraph (C), where "application of an enhancement could result in a sentence of over 20 years[,] the enhancement shall be dismissed." (§ 1385, subd. (c)(2)(C).) Both subparagraphs apply here. Multiple enhancements are alleged, specifically GBI and personal use enhancements in connection with

---

[2] The sentences on the remaining counts were imposed to run concurrently.

4

the attempted murder and aggravated mayhem convictions. Also, application of the enhancements resulted in a sentence of more than 20 years. Burch argues the "'may'" and "'shall'" language of subparagraphs (2)(B) and (2)(C) compel the court to dismiss at least one enhancement unless the court makes a finding that dismissal of an enhancement would be a danger to public safety.

## I.

### FORFEITURE

The first issue we must address is whether Burch has forfeited any argument under section 1385. Burch's resentencing brief, filed more than a year after the effective date of section 1385, subdivision (c), made no mention of the statute, and Burch's counsel did not mention it at any time before or during the second resentencing. Burch raised section 1385 for the first time in this appeal.

"Under section 1385, a defendant 'ha[s] the right to "invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading" . . . .' [Citation.] However, 'any failure on the part of a defendant to invite the court to dismiss under section 1385 . . . waives or forfeits his right to raise the issue on appeal.'" (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724; see *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].)

Burch acknowledges his section 1385 argument ordinarily would be forfeited, but argues he falls under an exception to the forfeiture rule because his new sentence allegedly violates section 1385 and is "unauthorized." "'[A] sentence is generally "unauthorized" where it could not

lawfully be imposed under any circumstance in the particular case.'" (*People v. Johnwell* (2004) 121 Cal.App.4th 1267, 1284.) In such cases, "'[a]ppellate courts are willing to intervene in the first instance because such error is "clear and correctable" independent of any factual issues presented by the record at sentencing. [Citation.]' [Citation.] 'In other words, obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not waivable.'" (*Ibid.*)

Burch argues the sentence imposed at the second resentencing was unauthorized because section 1385 creates a rebuttable presumption in favor of dismissing enhancements unless the trial court finds dismissal would endanger public safety. He asserts the court did not make the necessary finding of danger, so the presumption was not overcome and at least one of the enhancements should have been dismissed.

In August 2024, after Burch's briefing was concluded, the California Supreme Court rejected the presumption argument, holding section 1385 *does not* create a rebuttable presumption in favor of dismissal but, rather, gives the court discretion to dismiss an enhancement when it is in the "'furtherance of justice'" to so do. (*People v. Walker* (2024) 16 Cal.5th 1024, 1033.) Because there is no rebuttable presumption, Burch does not come within the exception and his argument under section 1385 is forfeited.

II.

INEFFECTIVE ASSISTANCE OF COUNSEL

Burch alternatively argues that, even if the argument was forfeited, we must address it because his counsel was ineffective for not raising section 1385 before the trial court. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant "'must satisfy a two-pronged showing: that counsel's performance was deficient, and that the

6

defendant was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.'" (*People v. Woodruff* (2018) 5 Cal.5th 697, 736.) "A 'reasonable probability' is one that is enough to undermine confidence in the outcome." (*People v. Dennis* (1998) 17 Cal.4th 468, 541.) "The likelihood of a different result must be substantial, not just conceivable." (*Harrington v. Richter* (2011) 562 U.S. 86, 112.)

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington* (1984) 466 U.S. 668, 697.) The record before us demonstrates Burch was not prejudiced by his counsel's failure to request that the trial court dismiss at least one enhancement under section 1385.

In considering Burch's request for a reduced sentence under sections 654 and 1170, the trial court examined Burch's criminal history, which began at the age of 18 when he was sentenced to formal probation for drug-related offenses. Burch violated that probation and was sentenced to two years in prison. Eight months after his release from prison, Burch was convicted of another drug-related offense and sentenced to two years in prison. After release from that sentence, Burch moved to Nevada, where he was convicted of burglary with a weapon, robbery with a deadly weapon, conspiracy to commit robbery, and attempted robbery with a deadly weapon. He was sentenced to 15 years and served seven of them. Shortly after completing his seven years, Burch was convicted of driving under the influence. While he was on informal probation for that conviction, he

7

committed the attempted murder and related crimes underlying this appeal. The court examined the details of this crime, commenting that the victim had her baby in bed with her and the other three children were home when she was stabbed by Burch. After stabbing the victim and leaving the home, Burch returned and broke into the home and attacked the victim again. Three of the children were awake during the second attack. The oldest daughter blocked Burch from stabbing her mother by shielding her mother and struggling with Burch.

The trial court determined Burch's crimes were increasing in violence and Burch did not acknowledge wrongdoing or take responsibility at the outset of the case. Based on its review of Burch's record, the court found: "[Burch] engaged in violent conduct that indicates a serious danger to society, and his criminal acts are increasing in seriousness. [Burch] was on probation at the time of this offense and his prior performance on probation and parole is unsatisfactory. [¶] The court finds [Burch] is dangerous to the public for the reasons stated and dangerous to his family."

Given the trial court's finding that Burch was dangerous to the public and dangerous to his family, there is no "'reasonable probability the outcome would have been different'" if Burch's counsel had asked for one or more enhancements to be dismissed under section 1385. (*People v. Woodruff*, *supra,* 5 Cal.5th at p. 736.) There is, therefore, no prejudice (§ 1385, subd. (c)(2)(B) & (C)).

## DISPOSITION

The judgment is affirmed.


GOODING, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.